UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KARA FREEL-SPARKS,

    Plaintiff,

v.

SEATTLE SCHOOL DISTRICT NO. 1,

    Defendant.

CASE NO. C15-0993JLR

ORDER ON MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

Before the court is Plaintiff Kara Freel-Sparks' motion for fees. (Mot. (Dkt. # 8).) Ms. Freel-Sparks alleges that she was the prevailing party under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3)(B), in her administrative proceeding against Defendant Seattle School District No. 1 ("the District"), and that she therefore is entitled to an award of attorneys' fees and costs. (*See* Compl. (Dkt. # 1); Mot.) The District asserts that any award of fees should be substantially reduced due to

Ms. Freel-Sparks' lack of success in the administrative proceeding. (*See generally* Resp. (Dkt. # 11).) The court has considered the submissions of the parties, the balance of the record, and the applicable law.[1] Considering itself fully advised, the court GRANTS in part and DENIES in part Ms. Freel-Sparks' motion.

## II. BACKGROUND

Ms. Freel-Sparks is a parent of L.F.S., a child with disabilities. (Compl. ¶ 4.) L.F.S. qualifies as a student with a disability under IDEA and state law. (*Id.* ¶ 5.) On December 29, 2014, Ms. Freel-Sparks filed a request for a special education due process hearing. (*Id.* ¶ 8.) The Washington Officer of Administrative Hearings ("OAH") assigned an administrative law judge ("ALJ") to hear the matter, which was captioned *In the Matter of Seattle School District*, Special Education Cause # 2014-SE-0101. (*Id.*)

The ALJ first considered two potential violations of IDEA, which allegedly denied L.F.S. a free appropriate public education ("FAPE"): (a) failing to provide appropriate transportation to school since the beginning of the 2014-15 school year, and (b) allowing a District administrator who was not a member of the Student's individualized education program ("IEP") team to override IEP team decisions regarding L.F.S.'s transportation. (*See* ALJ F&C (Dkt. # 1-1) at 2.) As to the first alleged IDEA violation, the ALJ determined that the District had committed a procedural and substantive violation of IDEA. (*Id.* at 14.) The ALJ found that the District was bound by a November 2014 Prior

---

[1] Neither party has requested oral argument, and the court finds oral argument unnecessary for the disposition of this motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

Written Notice ("PWN"),[2] which stated that 40 minutes is the maximum time L.F.S. can spend on a one-way bus trip. (*Id.* at 12.) Based on this PWN, the ALJ determined that the District denied L.F.S. a FAPE. (*Id.* at 14.) As to the second alleged IDEA violation, the ALJ found that the District is permitted to change its representative and override its own decisions, and that the District did nothing more in this case. (*Id.* at 14-15.) Accordingly, the ALJ concluded the District did not commit the second alleged IDEA violation. (*Id.*)

Next, the ALJ determined whether Ms. Freel-Sparks is entitled to the following remedies: (a) transportation to and from school for L.F.S. that does not exceed 40 minutes each way, and (b) reimbursement of Ms. Freel-Sparks' costs in driving L.F.S. to school since October 31, 2014. (*See id.*) The ALJ also considered Ms. Freel-Sparks' request that the District be prospectively enjoined from changing the 40-minute ride limitation. (*Id.* at 20.) Ms. Freel-Sparks received some, but not all, of the remedies she requested. As long as the current PWN remains in place, the District must provide L.F.S. transportation of 40 minutes or less and must reimburse Ms. Freel-Sparks for her expenses in transporting L.F.S. to school. (*Id.* at 19.) However, the ALJ based this conclusion not on L.F.S.'s medical, physical, or educational necessity, but rather on the terms of the November 2014 PWN. (*See id.* at 15, 19.) The District therefore must reimburse Ms. Freel-Sparks for transportation costs for L.F.S. beginning on November 7, 2014, when the November 2014 PWN went into effect. (*Id.* at 19.) Because the ALJ's

---

[2] The November 2014 PWN describes the terms and limitations of L.F.S.'s IEP for 2014-15, as determined by L.F.S.'s IEP team. (*See* ALJ F&C at 5-7.)

ORDER- 3

determination was based on the PWN, and Ms. Freel-Sparks failed to independently demonstrate the medical, physical, or educational necessity of the 40-minute ride limitation, the ALJ denied Ms. Freel-Sparks' request to enjoin the District from altering that limitation. (*Id.* at 15, 20.)

Following the ALJ's determination, Ms. Freel-Sparks requested that the District pay the $31,454.72 in legal fees associated with her case. (*See* Hokit Decl. (Dkt. # 12) ¶ 2, Ex. A at 1.) The District declined to voluntarily pay those fees, asserting that Ms. Freel-Sparks achieved an insufficient level of success in the administrative proceeding. (*Id.* ¶ 2, Ex. B at 1.) The District also rejected Ms. Freel-Sparks' subsequent request for $28,500.00, and Ms. Freel-Sparks rejected the District's responsive offer of an undisclosed amount. (*Id.* ¶ 2, Ex. C at 1.)

This action, in which Ms. Freel-Sparks seeks to recover the entirety of her fees and costs, followed. Ms. Freel-Sparks has provided her attorney's billing records for the administrative proceeding, which break down the hours expended each day and provide a brief description of the work performed.[3] (*See* 1st Shapow Decl. (Dkt. # 10) ¶ 8, Ex. B.) These records indicate that counsel spent 120.9 hours on the administrative hearing at a rate of $250.00 per hour, for a total lodestar of $30,225.00. (*See id.*) Ms. Freel-Sparks also incurred $1,229.72 in costs associated with that hearing. (*See id.*) In the instant proceeding, Ms. Freel-Sparks' attorney has spent 26.0 hours at a rate of $250.00 per hour, for a total lodestar of $6,500.00. (*See id.* ¶¶ 11, 13; 2d Shapow Decl. (Dkt. # 16) ¶¶ 6-7.)

---

[3] The records do not, however, divide the hours based on which legal issue they were spent addressing. (*See* 1st Shapow Decl. (Dkt. # 10) ¶ 8, Ex. B.)

ORDER- 4

Ms. Freel-Sparks has also incurred fees of $480.00 associated with the instant action. (*See* 2d Shapow Decl. ¶ 7.) In sum, Ms. Freel-Sparks seeks $36,725.00 in legal fees and $1,709.72 in costs associated with her administrative proceeding and this action for fees, for a total of $38,434.72. (*See id.*) Finally, Ms. Freel-Sparks seeks prejudgment and post-judgment interest. (*See* Compl. ¶ 29.)

### III. ANALYSIS

Ms. Freel-Sparks stylized the instant motion, which she supported with affidavits and exhibits, as a "motion for attorney fees and costs." (Mot. at 1.) The relief sought in Ms. Freel-Sparks' complaint is "reimbursement of attorneys' fees and related costs incurred in the administrative proceedings below, plus such additional fees and costs incurred in the current federal litigation," as well as prejudgment and post-judgment interest. (Compl. ¶¶ 30-31.) Accordingly, the court interprets Ms. Freel-Sparks' filing as a motion for summary judgment on her claim for IDEA fees and costs. *See* Fed. R. Civ. P. 56.

**A. Standard on Summary Judgment**

Summary judgment is appropriate if the evidence, when viewed in the light most favorable to the non-moving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. Cty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007). The moving party bears the initial burden of showing there is no genuine issue of material fact and that he or she is entitled to prevail as a matter of law. *Celotex*, 477 U.S. at 323. If the moving party meets his or her

burden, then the non-moving party "must make a showing sufficient to establish a genuine dispute of material fact regarding the existence of the essential elements of his case that he must prove at trial" in order to withstand summary judgment. *Galen*, 477 F.3d at 658. The court is "required to view the facts and draw reasonable inferences in the light most favorable to the [non-moving] party." *Scott v. Harris*, 550 U.S. 372, 378 (2007).

Here, the parties do not dispute the underlying facts or the reasonableness of counsel's rate or hours. (JSR (Dkt. # 7) at 1-2 ("Defendant does not contest the reasonableness of the Plaintiff's attorney's rate of $250[.00] per hour nor [sic] the reasonableness of the over-all hours spent in prosecuting the case.").) The sole issue in the case is the extent to which Ms. Freel-Sparks "was the prevailing party in the underlying administrative action." (*Id.* at 2.) "The parties agree that this case may be resolved by the Court through motions practice." (*Id.*)

**B. Fees and Costs under IDEA**

Under IDEA, "the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B); *see also Aguirre v. L.A. Unified Sch. Dist.*, 461 F.3d 1114, 1117 (9th Cir. 2006). A "prevailing party" is a party who "succeed[s] on any significant issue in litigation which achieves some of the benefit the [party] sought in bringing the suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (citation omitted). The District agrees that Ms. Freel-Sparks is a prevailing party, but argues that she "is only entitled to an award of attorneys' fees that reflects her low level of success." (Resp. at 1.)

ORDER - 6

A prevailing party is not automatically entitled to a full recovery of fees, or to any fees at all. *See Farrar v. Hobby*, 506 U.S. 103, 115 (1992) ("[T]he court may lawfully award low fees or no fees without reciting the 12 factors bearing on reasonableness."). "A reduced award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Hensley*, 461 U.S. at 440; *see also Aguirre*, 461 F.3d at 1118 ("[A] partially prevailing plaintiff generally may not recover fees for her unsuccessful claims."). Thus, the court must analyze the "degree of success" achieved in order to determine the amount of attorneys' fees to which Ms. Freel-Sparks is entitled. *See Aguirre*, 461 F.3d at 1119-20 (applying *Hensley* to IDEA claims).

Although a district court has "wide latitude" to exercise discretion in evaluating attorneys' fees in IDEA cases (*id.* at 1122 (Pregerson, J., concurring)), the Supreme Court has provided some guidance on how to correlate the degree of success the party achieved with the amount of fees to be awarded:

> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. If, on the other hand, a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, non-frivolous, and raised in good faith.

*Hensley*, 461 U.S. at 435-36. As alluded to by the Court, in some cases the issues presented are readily separable and thus easily susceptible to a straightforward degree-of-success calculation. In other cases, such as here, the issues are not so distinct and the

ORDER- 7

court must factor in "the extent of relief ordered by the ALJ" in order to determine the degree of success. *S.A. v. Patterson Joint Unified Sch. Dist.*, No. 1:10-cv-00943-OWW-SKO, 2010 WL 3069204, at *13 (E.D. Cal. Aug. 2, 2010).

Ms. Freel-Sparks' principal success at the administrative level—that the District denied L.F.S. a FAPE—must not be overlooked. *See Park ex rel. Park v. Anaheim Union High Sch. Dist.*, 464 F.3d 1025, 1036 (9th Cir. 2006) (deeming the conclusion that a party was denied a FAPE "the most significant of successes possible" under IDEA). However, Ms. Freel-Sparks' success in the administrative hearing was limited. Although the ALJ ordered the District to reimburse Ms. Freel-Sparks for transportation expenses and required the District to limit L.F.S.'s commute to 40 minutes or less, these determinations were based on the District's November 2014 PWN. (ALJ F&C at 20.) Ms. Freel-Sparks failed to establish that L.F.S. has "a medical, physical, or educational need for th[e] 40-minute maximum." (*Id.*) It is clear from the ALJ's findings and conclusions that Ms. Freel-Sparks expended considerable time and resources in an effort to make this showing. (*See* ALJ F&C at 2, 5-10, 15-17, 19-20.) The prospective relief Ms. Freel-Sparks received—enforcement of the 40-minute ride maximum—is tethered to the PWN, which is in the discretion of the District.[4] (*See id.*) As the ALJ concluded, the District's obligation to L.F.S. persists "unless and until either the Student's school assignment

---

[4] Ms. Freel-Sparks points out that the District's discretion to alter L.F.S.'s IEP is not unfettered. (Reply (Dkt. # 15) at 5.) However, that was true—and remains true—irrespective of the outcome of the administrative proceeding. *See* 20 U.S.C. § 1414(a)(2). In other words, the limitation on the IEP team's discretion does not constitute "relief ordered by the ALJ," and the court therefore does not consider it part of the success of the underlying action. *S.A.*, 2010 WL 3069204, at *13.

changes . . . or the IEP team changes the 40-minute ride limitation set forth in the November 2014 PWN." (*Id.*) To date, the District has not altered L.F.S.'s PWN, and L.F.S. continues to enjoy a commute of less than 40 minutes. (*See* Freel-Sparks Decl. (Dkt. # 9) ¶¶ 14-15.) However, the District has discretion to alter these arrangements, and they do not constitute "relief ordered by the ALJ." *S.A.*, 2010 WL 3069204, at *13.

The court therefore proceeds to determine the appropriate reduction in fees. "There is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Hensley*, 461 U.S. at 436-37; *see also Gates v. Deukmejian*, 987 F.2d 1392, 1400 (9th Cir. 1992) ("[P]ercentages indeed are acceptable, and perhaps necessary, tools for district courts fashioning reasonable fee awards."). Regardless of how the court reduces the fee award, the court must remain cognizant of the relationship between the degree of success and the amount of the fee awarded and must provide a "concise but clear explanation of its reasons for the fee award." *Hensley*, 461 U.S. at 437. Because Ms. Freel-Sparks' attorney broke down billing by date, matter, and action taken, and did not subdivide her lodestar by the legal issue on which she spent her time, any effort to apportion the time counsel spent on the successful issues would be unreliable. (*See* 1st Shapow Decl. ¶ 8, Ex. B.)

In contrast, the ALJ's order provides a thorough discussion of the relief ordered in comparison to the relief that Ms. Freel-Sparks sought. (*See* ALJ F&C.) The relief ordered by the ALJ is limited to a damages award to Ms. Freel-Sparks, prospective adherence to the November 2014 PWN unless and until it is altered, and a dictate that the

District retain L.F.S.'s school assignment for the remainder of the 2014-15 school year. (*Id.* at 20.) This conclusion grants a significant portion of the retrospective relief that Ms. Freel-Sparks requested. In contrast, the prospective relief—the more valuable form of relief in this action—is abbreviated and contingent in comparison to Ms. Freel-Sparks' goals.

Despite her incomplete success in the administrative hearing, Ms. Freel-Sparks still claims 100 percent of the 120.9 hours necessary to prosecute the due process case. (*See* Mot. at 2.) Ms. Freel-Sparks' argument principally stems from her assertions that she achieved "the most significant of successes possible, a determination of a denial of FAPE," and "prevailed on all of the litigated issues identified in the prehearing order." (*Id.*) Given the court's contrary conclusion on Ms. Freel-Sparks' overall success, her claim for 100 percent of the 120.9 hours necessary to prosecute the due process case is excessive and should be reduced. Although Ms. Freel-Sparks prevailed on the overarching legal issue—that the District failed to provide a FAPE to L.F.S.—she did so in a somewhat technical sense. (*See* ALJ F&C at 20.) She obtained only nominal prospective relief, which was the core of her case, and therefore she has not "obtained excellent results." (*See id.*); *Hensley*, 461 U.S. at 435.

In light of the above considerations, the court concludes that 65 percent of the lodestar is an appropriate award for the somewhat "limited success" in this case. *Hensley*, 461 U.S. at 440; *see also Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013) (citing *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 899-900 (9th Cir. 1995)). The court therefore reduces by 35 percent Ms. Freel-Sparks' claim for

ORDER- 10

120.9 hours expended on the administrative proceeding. This reduction leaves 78.585 reimbursable hours associated with the administrative proceeding, making a total lodestar of $19,646.25.[5] Remaining are Ms. Freel-Sparks' efforts to recover the costs associated with the administrative proceeding, the costs and fees associated with this proceeding, and prejudgment interest. The court has reviewed the $1,229.72 in costs associated with the administrative action and the $480.00 in costs associated with this action, and the court finds those costs largely non-dependent on the claims Ms. Freel-Sparks pursued and succeeded on. Accordingly, the court will award them in full.

As to the attorneys' fees associated with this proceeding, the court finds it appropriate to reduce them commensurately with the 35 percent reduction for the administrative hearing fees. *See Schwarz*, 73 F.3d at 909 ("[A] district court can apply a percentage formula to reduce the fees-on-fees requested without providing an additional explanation for its actions."). Among the reasons the court finds this reduction appropriate are the correlative lack of success in this proceeding and the lack of a detailed accounting of the hours expended on this action. (*See* 1st Shapow Decl. ¶ 8, Ex. B; 2d Shapow Decl.) The court accordingly awards Ms. Freel-Sparks 65 percent of the $6,500.00 in attorneys' fees she has accrued in the instant action. (*See* 2d Shapow Decl. ¶ 7.) This totals $4,225.00.

---

[5] To reiterate, the District does not contest Ms. Freel-Sparks' attorney's $250.00 hourly rate or the hours expended on the case, and the court finds both reasonable. (*See* JSR at 1-2); *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1976) (enumerating 12 factors used to assess the reasonableness of a fee request). The only contested legal issue, therefore, is the appropriate "degree of success" fee reduction under *Hensley*, if any. *See J.Y. v. Seattle Sch. Dist. No. 1*, No. C07-1226JCC, 2007 WL 4111202, at *8 (W.D. Wash. Nov. 16, 2007).

Finally, the court rejects Ms. Freel-Sparks' request for prejudgment interest. In contrast to the 100 percent of attorneys' fees she requested, the court granted only 65 percent. *See supra*. This discrepancy evinces Ms. Freel-Sparks' exaggerated representation of the success she obtained in the administrative proceeding. (*See* Mot. at 2.) Ms. Freel-Sparks' misconception principally caused the rift between Ms. Freel-Sparks and the District, which necessitated this litigation and delayed judgment. Accordingly, the court concludes the equities weigh against prejudgment interest, and declines to grant it. *See Shaw v. Int'l Ass'n of Machinists & Aerospace Workers Pension Plan*, 750 F.2d 1458, 1465 (9th Cir. 1985) (quoting *Wessel v. Buhler*, 437 F.2d 279, 284 (9th Cir. 1971)) ("Whether [prejudgment] interest will be awarded is a question of fairness, lying within the court's sound discretion, to be answered by balancing the equities."). Ms. Freel-Sparks is, however, entitled to post-judgment interest in accordance with federal law. *See* 28 U.S.C. § 1961.

Based on the reductions detailed above, the court awards Ms. Freel-Sparks the following fees and costs: (1) 78.585[6] hours at a rate of $250.00 per hour, for a total of $19,646.25 in attorneys' fees for the administrative proceeding; (2) $4,225.00[7] in attorneys' fees for the instant proceeding; and (3) $1,709.72 in costs for the

---

[6] The court calculated this amount by multiplying 120.9 hours by 65 percent. *See supra*; (1st Shapow Decl. ¶ 8.)

[7] The court calculated this amount by multiplying $6,500.00 by 65 percent. *See supra*; (2d Shapow Decl. ¶ 7.)

ORDER- 12

administrative proceeding and the instant proceeding. The total sum recoverable is $25,690.97.

## IV. CONCLUSION

Based on the foregoing, the court GRANTS in part and DENIES in part Ms. Freel-Sparks' motion for summary judgment on her complaint seeking fees under IDEA (Dkt. # 8). The court finds that Ms. Freel-Sparks is a prevailing party entitled to an award of fees under IDEA, but reduces her award to $25,690.97, plus post-judgment interest, based on her level of success at the administrative hearing.

Dated this 7th day of January, 2016.

JAMES L. ROBART
United States District Judge